IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| STANLEY LAMAR REED, | § | |
| TDCJ-CID NO. 1758674, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-11-4365 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |


**MEMORANDUM OPINION AND ORDER**


Stanley Lamar Reed, proceeding pro se, filed a Petition for a
Writ of Habeas Corpus by a Person in State Custody (Docket Entry
No. 1),¹ alleging improper denial of street-time credits. Pending
before the court is Respondent Thaler's Motion for Summary Judgment
with Brief in Support (Docket Entry No. 18),² arguing that the
claims are time-barred and meritless.  For the reasons explained
below, the court will grant Respondent's Motion and will deny
Reed's Petition.

---

¹Petition for a Writ of Habeas Corpus by a Person in State
Custody ("Reed's Petition"), Docket Entry No. 1.

²Respondent Thaler's Motion for Summary Judgment with Brief in
Support ("Respondent's Motion"), Docket Entry No. 18.

## I. **Procedural History and Claims**

### A. **Procedural History**

On October 6, 1994, Reed was convicted by a jury of second-degree robbery and was sentenced to twenty years' imprisonment in the 174th District Court of Harris County, Texas.[3]  A procedural history of conviction and appeals is not necessary because Reed does not challenge the underlying conviction.  Instead, the petition concerns a dispute over street-time credits that Reed accrued before his parole revocation.[4]

After serving approximately nine years of his sentence, Reed was released on parole on October 6, 2003.[5]  A pre-revocation warrant for Reed's arrest was issued and executed by the Parole Division on April 11, 2007, but the warrant was subsequently withdrawn, and Reed was released from custody.[6]  On June 2, 2008, while on parole for his 1994 conviction, Reed was convicted of robbery and theft and was sentenced to two 10-year sentences.[7]  A

---

[3]Judgment on Jury Verdict of Guilty, Docket Entry No. 16-3, p. 44.  Page citations to state court trial documents, including the record and state court orders, are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.  Page citations to the federal briefs are to the numbers on the bottom of the page in the documents.

[4]Reed's Petition, Docket Entry No. 1.

[5]Affidavit of Charley Valdez, Exhibit A to Respondent's Motion, Docket Entry No. 18-1, p. 3.

[6]Id.

[7]Id.

pre-revocation warrant was issued on June 2, 2008, and Reed's parole was revoked on September 5, 2008, due to the new felony convictions.[8]   Pursuant to Tex. Gov't Code § 508.283(b), Reed forfeited four years, two months, and two days of street time accrued during his release on parol.[9]

Reed filed two Time Dispute Resolution (TDR) forms with the TDCJ Classification and Records Department (CRD) on August 7, 2008, and March 17, 2010, challenging the calculation of the remaining time he must serve on his sentence.[10]   The CRD responded to the first TDR form on March 9, 2009, and to the second TDR form on July 8, 2010.[11]   In both instances CRD denied the TDR appeal and stated there was no error in Reed's time calculation.[12]

On June 21, 2010, Reed filed an application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, challenging the denial of street-time credits.[13] The Texas Court of Criminal Appeals denied Reed's state application on August 25, 2010, without a hearing and without a written order

---

[8]Id.

[9]Id.

[10]Id.

[11]Id.

[12]Id.

[13]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 16-7, p. 7.

-3-

based upon the findings of the trial court.[14]  On December 5, 2011, Reed executed his federal petition for a writ of habeas corpus. Respondent filed a motion for summary judgment on February 27, 2012.  Reed has not responded to the motion.

## B.   Petitioner's Claims

Reed asserts the following grounds in support of his habeas petition:

1.   The Parole Board violated his due process rights under the Fourteenth Amendment by revoking street-time credits, which extended his sentence in an unexpected manner.

2.   Reed is eligible for street-time credits under Texas Government Code section 508.283(c).[15]

Respondent argues that Reed's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1), and Reed's claims have no merit because Reed is not entitled to street-time credits.[16]

## II.   Standard of Review

### A.   Summary Judgment

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

---

[14]Action Taken, Docket Entry No. 16-7, p. 2 (consisting of the following one sentence order:  "DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT WITHOUT HEARING.").

[15]Reed's Petition, Docket Entry No. 1, pp. 7-8.

[16]Respondent's Motion, Docket Entry No. 18, pp. 4-8.

-4-

The moving party bears the initial burden of proving the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). If the moving party meets this burden, Rule 56(c) requires the nonmovant to show the existence of a genuine issue of material fact. Id. at 2553-54. In an ordinary civil case the court must "draw all reasonable inferences in favor of the nonmoving party," and it may not weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

## B.  Presumptions Applied in Habeas Cases

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides the "statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011).  The amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment motions in habeas cases.

In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute overrides the ordinary summary judgment rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (over-ruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)).  Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523.

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fair-minded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (internal quotation marks omitted).

## III. **Analysis**

### A. **Claim (1):** Reed's **Petition is barred by the statute of** **limitations.**

Respondent argues that Reed's claims are time-barred pursuant to the one-year statute of limitations codified in 28 U.S.C. § 2244(d)(1).[17] The AEDPA established a statute of limitations for filing a federal petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). The relevant portion of the AEDPA statute of limitations is:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[17]Respondent's Motion, Docket Entry No. 18, pp. 4-6.

(2) The time during which a properly filed application
for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation
under the subsection.

28 U.S.C. § 2244(d).  Because the record does not reveal that any
state-created impediment prevented Reed from timely filing his
federal petition, and because he does not base his petition on a
newly recognized constitutional right, subsections (B) and (C) are
not relevant to this action.   Subsection (A) is not relevant
because Reed does not challenge his original conviction.  The time-
liness of Reed's petition will be evaluated under § 2244(d)(1)(D)
because it concerns his parole revocation, an event that occurred
after Reed's conviction was final.  Stone v. Thaler, 614 F.3d 136,
138 (5th Cir. 2010).  Under § 2244(d)(1)(D) the limitation period
commences on the date the factual predicate of the claims could
have been discovered through due diligence.

The limitation period for Reed's claims commenced at the
latest on September 5, 2008, the date Reed's parole was revoked.
This is the date on which Reed knew, or could have discovered
through the exercise of due diligence, that his street time was
forfeited.   See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th
Cir. 2002).  Using September 5, 2008, as the factual predicate date
Reed had until September 5, 2009, to file his federal petition,
absent any tolling.

Reed filed a TDR form on August 7, 2008; the CDR responded on March 9, 2009.[18] Although the TDR form was pending for 214 days,[19] the limitation period was only tolled for 180 days. See Stone v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) (finding the limitation period is statutorily tolled during pendency of a TDR for a maximum of 180 days). Assuming that the limitation period did not start until February 3, 2009 (180 days after August 7, 2008), Reed's federal petition was due on or before February 3, 2010. Because it was not filed until December 5, 2011, it was untimely filed. Reed's second TDR was filed March 17, 2010.[20] It did not toll the limitation period because it was filed after the limitation period had expired. Moreover, a second TDR does not toll limitations because a petition is not required to file a second TDR before applying for state habeas relief. Stone, 614 F.3d at 139.

Under § 2244(d)(2) the limitation period can be tolled by a properly filed application for state post-conviction. Stone, 614 F.3d at 138. However, the AEDPA does not permit statutory tolling if the time for filing a federal petition has already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (finding the state habeas application did not toll the limitation period because

---

[18]Affidavit of Charley Valdez, Exhibit A to Respondent's Motion, Docket Entry No. 18-1, p. 3.

[19]Respondent's Motion, Docket Entry No. 18, p. 5.

[20]Affidavit of Charley Valdez, Exhibit A to Respondent's Motion, Docket Entry No. 18-1, p. 3.

it was filed after limitation period expired). Reed's application for a state writ of habeas corpus did not toll the limitation period because it was filed on June 21, 2010,[21] after the limitation period expired. When Reed executed the federal petition on December 5, 2011,[22] it was untimely by more than a year.

The AEDPA's one-year statute of limitations period is not jurisdictional and is subject to equitable tolling. <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling is permitted in "rare and exceptional" circumstances. <u>Id.</u> at 811. Equitable tolling applies principally when the plaintiff is misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner's pro se status and ignorance of the law does not excuse a petitioner's untimely filing. <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999). Reed has not alleged sufficient facts to support a finding that equitable tolling applies. Reed has not shown that exceptional circumstances have prevented him from timely filing his claim, nor has he been misled. Therefore, Reed is not entitled to equitable tolling, and his petition is time barred.

---

[21]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 16-7, p. 7.

[22]Reed's Petition, Docket Entry No. 1.

**B.    Claim (2):  Reed has no liberty interest in street-time credit under § 508.283.**

Reed's claims essentially argue that he is entitled to restoration of street-time credits.  In the prison context a liberty interest is created either by the Due Process Clause or by the state through a statute.  <u>Richardson v. Joslin</u>, 501 F.3d 415, 419 (5th Cir. 2007).  To state a claim under the Due Process Clause prisoners must allege an official action has infringed their constitutionally protected liberty interest.  <u>Id.</u>  A prisoner generally does not have a constitutional right to receive credit for time served while on parole.  <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996).  To obtain federal habeas corpus relief a petitioner must show that he has been deprived of some right secured to him by the United States Constitution or federal law.  <u>Teague v. Quarterman</u>, 482 F.3d 769, 773 (5th Cir. 2007).

Prior to 2001 Texas prisoners had no liberty interest for street time because prior law required automatic forfeiture of street time when parole was revoked.  See <u>Thompson v. Cockrell</u>, 263 F.3d 423, 426 (5th Cir. 2001); <u>Ex parte Spann</u>, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004).  However, in 2001 the Texas Legislature amended section 508.283(c) of the Texas Government Code to allow certain parole violators to receive street-time credit.  Based upon this amendment the Fifth Circuit stated that some Texas prisoners may have a liberty interest in retaining street-time credit.  <u>Johnson v. Quarterman</u>, 304 F. App'x 234, 236 (5th Cir. 2008).  The

-11-

Texas statute that applies to parol revocations that occurred after

September 1, 2001, states:

> (b) If the parole, mandatory supervision, or conditional
> pardon of a *person described by Section 508.149(a)* is
> revoked, the person may be required to serve the
> remaining portion of the sentence on which the person was
> released. The remaining portion is computed without
> credit for the time from the date of the person's release
> to the date of revocation.

> (c) If the parole, mandatory supervision, or conditional
> pardon of a person *other than a person described by
> Section 508.149(a)* is revoked, the person may be required
> to serve the remaining portion of the sentence on which
> the person was released. For a person who on the date of
> issuance of a warrant or summons initiating the
> revocation process is subject to a sentence the remaining
> portion of which is greater than the amount of time from
> the date of the person's release to the date of issuance
> of the warrant or summons, the remaining portion is to be
> served without credit for the time from the date of the
> person's release to the date of revocation. For a person
> who on the date of issuance of the warrant or summons is
> subject to a sentence the remaining portion of which is
> less than the amount of time from the date of the
> person's release to the date of issuance of the warrant
> or summons, the remaining portion is to be served without
> credit for an amount of time equal to the remaining
> portion of the sentence on the date of issuance of the
> warrant or citation.

Tex. Gov't Code § 508.283 (emphasis added). Under the amended

version of section 508.283(c) a parole violator is entitled to

street-time credit if he satisfies a two-prong test. Ex parte

Spann, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004). First, the

prisoner must not be serving a sentence for or have current

convictions that would place him under section 508.149(a). Id.

Second, the "remaining portion" of his sentence must be less than

the amount of time he spent out on parole. Id. at 392. The

-12-

"remaining portion" of a prisoner's sentence is the part of the sentence remaining at the release date, less time spent on parole. Id. at 396.

The state trial court found that Reed fails to satisfy the first prong of the test.[23]   Reed was convicted of robbery, Tex. Penal Code § 29.02, which is one of the offenses listed under Tex. Gov't Code § 508.149(a).   The Texas Court of Criminal Appeals adopted the trial court's findings when it denied Reed's state habeas application.[24]   Such a determination is entitled to a presumption of correctness.   The state court decision to deny Reed's state habeas application is reasonable because requiring Reed to forfeit street-time credit does not amount to a violation of the United States Constitution or any federal law.

## C.   **Conclusion**

For the reasons explained above, the court concludes there are no genuine issues of fact regarding Reed's claims and that the Respondent is entitled to judgment as a matter of law. Reed has failed to show that the state court proceeding concerning his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  Reed failed to file the federal writ of habeas corpus within the

_____

[23]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 16-7, pp. 39-40.

[24]Action Taken, Docket Entry No. 16-7, p. 2.

-13-

limitation period, so his claim is time-barred under 28 U.S.C. § 2244(d).  Alternatively, Reed's claim for street time is without merit because Reed has no cognizable liberty interest in his four years, two months, and two days of street time under section 508.283(c) of the Texas Government Code.  The court concludes, therefore, that under 28 U.S.C. § 2254(d) habeas relief on Reed's claims is not warranted.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253 Reed must obtain a Certificate of Appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a COA for claims denied on the merits Reed must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2564 (2004).  To make such a showing Reed must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  Tennard v. Dretke, 124 S. Ct. 2562, 2564 (2004).

For the reasons stated in this Memorandum Opinion and Order, Reed has not made a substantial showing of a denial of a constitutional right.  Accordingly, a Certificate of Appealability will be denied.

## V.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

-14-

1.  Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 18) is **GRANTED**.

2.  Reed's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.  A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 30th day of May, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE